849 A.2d 1071

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. MARCUS TOLIVER, DEFENDANT–APPELLANT.

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. RYSHAONE THOMAS, DEFENDANT–APPELLANT.

Argued June 2, 2004—Decided June 21, 2004.

*Jamie M. Kaigh,* argued the cause for appellant Marcus Toliver (*Conrad, O'Brien, Gellman & Rohn* and *Riley & Sandilos,* attorneys; *Mr. Kaigh* and *Charles P. Sandilos,* on the letter briefs).

*Ralph R. Kramer,* argued the cause for appellant Ryshaone Thomas (*Mr. Kramer* and *John A. Mennite,* attorneys; *Mr. Kramer* and *Mr. Mennite,* on the letter briefs).

*Jack L. Weinberg,* Assistant Prosecutor, argued the cause for respondent (*Vincent P. Sarubbi,* Camden County Prosecutor, attorney).

*Boris Moczula,* Assistant Attorney General, argued the cause for *amicus curiae,* Attorney General of New Jersey (*Peter C. Harvey,* Attorney General, attorney; *Mr. Moczula, Mark Paul Cronin* and *Paul H. Heinzel,* Deputies Attorney General, of counsel and on the brief).

PER CURIAM.

In *State v. Fortin,* we held that the New Jersey Constitution requires that aggravating factors, as the functional equivalent of elements of capital murder, must be submitted to the grand jury and returned for indictment. 178 *N.J.* 540, 645–46, 843 *A.*2d 974, 1035 (2004) (*Fortin* II). The matters before us present procedural questions in respect of the implementation of that mandate.

Codefendants Ryshaone Thomas and Marcus Toliver were indicted by a Camden County Grand Jury for the purposeful or knowing murder of Christine Eberle by their own conduct. The State served codefendants with a Notice of Aggravating Factors, alleging that they committed murder to escape detection, contrary to *N.J.S.A.* 2C:11–3c(4)(f), while they were engaged in committing another specified felony, contrary to *N.J.S.A.* 2C:11–3c(4)(g).

After we issued our decision in *Fortin* II, codefendants moved for dismissal of the aggravating factors, and for further relief requiring grand jurors to be death qualified, allowing defense counsel to be involved in that process, allowing the presentation of mitigating evidence to the grand jury, and requiring the trial court to *voir dire* each grand juror on whether the extensive media coverage of this case affected his or her ability to be fair and impartial. We determined that we "should consider directly the issues raised in [co]defendant[s'] motion[s] regarding the presentation of aggravating factors to the grand jury in this capital prosecution" and certified the two cases before the trial court took any action on the applications.[1] We also expedited resolution of

---

[1] In respect of pretrial publicity, codefendants, in their briefs to this Court, ask for a change of venue for the grand jury presentation. Their request for that

the motions to avoid delaying previously scheduled proceedings in these matters.

■■■■ Codefendants contend that the assignment judge and both parties' counsel should *voir dire* grand jurors individually to determine whether they have views on capital punishment that would prevent or impair substantially their ability to be impartial. We disagree. Prosecutors are not obligated even to inform grand jurors that they are sitting on a capital case. The purposes of the grand jury are to "determine whether the State has established a *prima facie* case that a crime has been committed and that the accused has committed it." *State v. Hogan*, 144 *N.J.* 216, 227, 676 *A.*2d 533, 538 (1996) (internal citations omitted). It is an "accusatory and not an adjudicatory body." *Id.* at 235, 676 *A.*2d at 542. Unlike capital sentencing-phase jurors, grand jurors do not assess the moral culpability of a defendant by weighing aggravating and mitigating factors. They do not even evaluate the relative strengths and weaknesses of the State's and the defendant's evidence, as guilt-phase jurors do. *Id.* at 235–36, 676 *A.*2d at 542–43. Most important, they are not concerned with the sentencing consequences of their determination, but only with whether there is probable cause to indict the defendant charged by the prosecutor. *Id.* at 237, 676 *A.*2d at 543. Given that limited role of the grand jury, death qualification is unwarranted.

■■■ That same reasoning applies with even greater force to the question whether mitigating evidence should be presented to the grand jury. (Although codefendants actually have withdrawn their motion on this question, we express our opinion to clarify the requirements of *Fortin* II.) Mitigating evidence should not be put before the grand jury. Of course, a prosecutor has a duty to

---

relief is not properly before us. Although their motion seeking *voir dire* of each grand juror about media coverage is within our grant of certification, we nevertheless decline to address that question because its resolution on appeal is unnecessary to clarify post-*Fortin* II grand jury procedures in capital causes. We leave for the trial court any matters not decided by this opinion.

present "evidence that is ... so clearly exculpatory as to induce a rational grand juror to conclude that the State has not made out a *prima facie* case against the accused." *Hogan, supra,* 144 *N.J.* at 236, 676 *A.*2d at 543. In that context, we agree with the Attorney General's observation, expressed in his brief, that the State's *Hogan* obligation would include the presentation of evidence known to the State that directly negates an aggravating factor.

We observe that *Rule* 3:7–3(b) has historically required the State to present to the grand jury the "triggers" that a *petit* jury must find to advance a defendant to the capital sentencing phase. *See N.J.S.A.* 2C:11–3c (specifying capital triggers, such as murder by one's "own conduct"). "[F]or purposes of the state constitutional right to a grand jury presentation," those triggers, as well as aggravating factors, are now elements of capital murder. *Fortin* II, *supra,* 178 *N.J.* at 645–46, 843 *A.*2d 974. In practice, then, the only change wrought by *Fortin* II is that the prosecutor must present the aggravating factors he or she intends to rely on in seeking the death penalty.

Finally, the Attorney General has suggested procedures for use in presenting potential capital cases to grand juries. We are referring those suggestions to the Trial Judges Committee on Capital Causes for its consideration whether rulemaking is warranted in this regard.

These matters are remanded to the trial court for further proceedings consistent with our opinion. The motions by codefendants are denied.

*For remandment*—Chief Justice PORITZ and Justices LONG, VERNIERO, LaVECCHIA, ZAZZALI, ALBIN and WALLACE—7.

*Opposed*–None.